UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KENNETH G. RUSSELL,           :
    Plaintiff,               :
                              :
v.                            :     3:07-cv-1527 (WWE)
                              :
ABIGAIL L. HUGHES, RICHARD    :
CAVALLARO and VIRGINIA SKOGLUND, :
    Defendants.              :

## MEMORANDUM OF DECISION ON
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Kenneth G. Russell alleges that defendants Abigail L. Hughes, Richard Cavallaro and Virginia Skoglund violated his rights under the Fourteenth Amendment and 42 U.S.C. 1983 by treating him differently from similarly situated colleagues on account of his age while he was employed with the Connecticut Technical High School System ("CTHSS"). Now pending before the Court is defendants' Motion for Summary Judgment (Doc. #26). For the reasons that follow, the motion for summary judgment will be granted.

The Court has jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1331.

### BACKGROUND

The parties have submitted briefs, a stipulation of facts and supporting exhibits, which reflect the following factual background.

Plaintiff has been employed by CTHSS for eighteen years as a graphics instructor. He began teaching in 1989 when he was 42 or 43 years old. He is currently 63 years old. Plaintiff worked in the Graphics Technology Department of H.C. Wilcox Technical High School for several weeks in the fall 2007. Prior to that, he taught at

1

E.C. Goodwin Technical High School.  Currently, he is a department head at E.C. Goodwin Technical, where he started in September 2008.

In an article in the New Britain Herald published on April 7, 2007, Tom Murphy, referred to as the spokesman for the state technical high school system, stated that CTHSS had to "tighten up because of federal cuts.  We're letting some of our older teachers phase out."  Scott Whipple, <u>E.C. Goodwin Tech cuts 2 shops</u>, New Britain Herald, Apr. 4, 2007.  Following this article, Aaron Silvia, President of the State Vocational Federation of Teachers, wrote a letter asking defendant Hughes, superintendent of CTHSS, to explain Murphy's statement.  According to the record, Hughes did not reply.

When the article was published, plaintiff was employed at E.C. Goodwin as a teacher.  Following the closure of the program that he worked in, he transferred to Wilcox Technical.  Plaintiff claims that, although he was employed and has been employed by CTHSS during the course of this litigation, defendant Cavallaro, principal at Wilcox Technical, and defendant Skoglund, head of the Graphics Technology Department at Wilcox Technical, have been doing their "best to get me out."  Plaintiff points to his being written up by Cavallaro for taking a student out of study hall and being threatened with additional write-ups.

Plaintiff further claims that he was forced to agree that he would retire at year's end if he were to return to E.C. Goodwin.  He testified in his deposition that Ed Lang, plaintiff's union representative, offered plaintiff the choice either to sign the retirement agreement and retire after the end of the year or to retire immediately.  Plaintiff further contends that he was harassed by the administration to review his lesson plans with the

principal, assistant principal and union representative.  Plaintiff did not file a union grievance regarding these allegations.  In his deposition, plaintiff also mentioned numerous instances of school administrators reprimanding him or otherwise allegedly mistreating him.  Plaintiff suggested that these instances served as his evidence of discrimination.  He also alleged that he was treated differently from every other teacher at Wilcox Technical, but does not present any information on any potential comparators.

## DISCUSSION

A motion for summary judgment must be granted if the pleadings, discovery materials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Liberty Lobby, 477 U.S. at 24.  The mere of existence of a scintilla of evidence in support of the nonmoving party's position is

insufficient; there must be evidence on which the jury could reasonably find for him. See Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party.  See Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004).  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

To establish liability under section 1983, plaintiff must demonstrate (1) that the conduct in question deprived him of a right, privilege, or immunity secured by the laws of the United States, and (2) that the acts were attributable at least in part to defendants acting under color of state law.  Garcia v. Brown, 268 Fed. Appx. 127, 129 (2d Cir. 2008).  An employee is deprived of his right to be free of discrimination when he is treated differently from similarly situated employees on account of his age.  See Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001) (addressing race); Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 144 (2d Cir. 1993) (addressing gender).  Therefore, to succeed on his claim, plaintiff must demonstrate (1) that he was treated differently from similarly situated individuals (2) because of his age.  Harlen, 273 F.3d at 499.

For employees to be similarly situated, they must be similarly situated "in all material respects."  See Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir. 1997).  Although "as a general rule, whether items are similarly situated is a factual

issue that should be submitted to the jury[,] ... this rule is not absolute ... and a court can properly grant summary judgment where it is clear that no reasonable jury could find the similarly situated prong met." Harlen Assocs., 273 F.3d at 499 n.2.

      Plaintiff, at his deposition, alleged that he was treated differently from all other teachers. He has failed to produce any evidence regarding these comparators, including their names, their supervisors, their positions or their actions that may be analogous to plaintiff's. In sum, plaintiff's allegations are comprised of conclusory statements that are insufficient to defeat summary judgment. See Shumway, 118 F.3d at 65 ("[Plaintiff]'s allegations, generously construed, are little more than conclusory statements of no probative value ... [that] do not raise a genuine issue of material fact."). Because there is no evidence upon which a reasonable jury could find that plaintiff was treated differently from any similarly situated comparator on account of his age, plaintiff has failed to meet the first prong of the analysis under Harlen. Therefore, summary judgment is appropriate.

      Because the Court finds that plaintiff has not shown that he was treated differently from other employees on account of his age, it will not address Murphy's statement in the New Britain Herald. Even if the Court were to find that Murphy's statement demonstrated a discriminatory animus, plaintiff has not offered any evidence that any defendant was aware of Murphy's statement or the message behind it or that they acquiesced to it.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment (Doc. #26).  The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 30th day of April, 2009.

                                             /s/
                                    Warren W. Eginton
                                    Senior United States District Judge